UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| Susan Monaco, | ) | C/A No.: 6:07-cv-4150-GRA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| South Carolina Workers' Compensation | ) | |
| Commission; David W. Huffstetler; | ) | |
| J. Alan Bass; George N. Funderburk; | ) | |
| Susan S. Barden; G. Bryan Lyndon; | ) | |
| Andrea Pope Roche; and Derrick L. | ) | |
| Williams, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| **In Re:** | ) | |
| | ) | |
| Susan Monaco, Employee, | ) | |
| | ) | |
| Claimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Dollar General Store, Employer, and | ) | |
| Dollar General Corp., Carrier, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the Court on Susan Monaco's (Plaintiff's) motion for a preliminary injunction. This Court entered a temporary restraining order on December 27, 2007, against the South Carolina Workers' Compensation Commission (the Commission) and its Commissioners. Specifically, this Court enjoined the Commission

Page 1 of 7

and the Commissioners (Defendants) from implementing Executive Orders 2007-16, 2007-19, and 2007-20.

On January 7, 2008, this Court held a hearing on the temporary restraining order. At this time the defendants requested that Governor Mark Sanford be joined as a necessary party under Rule 19(a) of the Federal Rules of Civil Procedure. Rather than immediately ordering the Governor to be a party to the action, this Court set a hearing for January 14, 2008, and invited the Governor to the hearing to be heard on the Rule 19 issue and, if he so chose, the merits of the plaintiff's preliminary injunction. The Court also extended the temporary restraining order to include Executive Order 2008-02. The Governor did not appear at the January 14, 2008 hearing. Therefore, this Court must now decide whether Governor Sanford must be joined to this suit as a necessary party under Federal Rules of Civil Procedure Rule 19.

## Discussion

*Rule 19: Joinder of Persons Needed for Just Adjudication*

In their pleadings and at both the January 7, 2008 and January 14, 2008 hearings, the defendants moved this Court to join Governor Mark Sanford as a necessary party to this action under Rule 19. Likewise, at both hearings, the plaintiff agreed that Governor Sanford should be joined in the action. This Court agrees with the litigants that, as a necessary party, the Governor must be joined as a defendant in this action.

Federal Rules of Civil Procedure Rule 19(a) defines a "necessary party" as:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action *shall be joined* as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may  (i) as a practical matter impair or impede the persons's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantia risk of incurring double, multiple or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party.

Fed. R. Civ. P. 19(a) (emphasis added).

The Governor is a necessary party under Rule 19.  First, he is subject to service of process and the court will not lose jurisdiction over the subject matter of the instant case if the court joins him.  Second, complete relief cannot be accorded to the existent parties without the addition of the Governor.  Fed. R. Civ. P. 19(a)(1).  "The 'complete relief' standard of Rule 19(a)(1) is designed to insure that all persons who have an interest in the litigation are present so that any relief to be awarded will effectively and completely adjudicate the dispute." *Smith v. Mandel,* 66 F.R.D. 405, 408 (D.S.C.1975). The plaintiff seeks to enjoin the Commission from enforcing certain executive orders, allegedly violative of her constitutional rights.  Even if this Court enjoined the Commission from enforcing the current executive orders, without adding the Governor as a party, the Governor is free to issue a subsequent executive order of the same or a similar nature.  Executive order 2008-02 evinces a willingness by the Governor to issue orders in response to ostensibly unfavorable judicial actions.  It is,

therefore, a legitimate concern that the Governor would continue to issue violative executive orders if he is not enjoined.

Beyond the face of Rule 19, the Fourth Circuit mandates that: "In exercising its discretion, the trial court must consider the plaintiff's interest in choosing the parties to the action, the present defendant's interest, the interest of the potential but absent party, and the public's interest in complete, consistent, and efficient adjudication of disputes." *Frazier v. City of Norfolk*, 236 F.R.D. 273, 275 (E.D. Va. 2006). Each of these factors favors joining the Governor as a defendant. First, the plaintiff does not object to adding the Governor; second, adding the Governor will relieve the Commission of the duty of defending the constitutionality of the Governor's actions; third, the Governor will be able to defend his own actions himself, rather than relying on the Commission to do so, a party with a slightly different interest; and fourth, the public interest in resolving this issue completely is considerable.

Therefore, the Governor is a necessary party because: (1) he is subject to service of process; (2) his joinder will not deprive this court of subject matter jurisdiction and; (3) his absence will deny the plaintiff complete relief. Further, considering the parties' and the public's interest, pursuant to Rule 19, this Court adds the Governor of South Carolina, the Honorable Mark Sanford, as a defendant to the immediate action.

*Rule 65: Injunctions*

Under Rule 65 of the Federal Rules of Civil Procedure, a temporary restraining order expires ten (10) days after its entry.  Fed. R. Civ. P. 65(b).  A district court may, for good cause shown within the original ten (10) day period, extend the restraining order for an additional ten (10) days.  The party to be restrained must consent to any extension beyond this initial twenty (20) day period.

At the January 14, 2008 hearing, the defendants consented to a thirty (30) day extension.  The plaintiff did not object.  The Court, therefore, orders that the temporary restraining order shall remain in effect until thirty (30) days from the date of the entry of this Order.  Like its January 8, 2008 Order, the Court notes that the defendants shall continue to carry out their duties in Workers' Compensation matters as performed prior to the issuance of Executive Orders 2007-16, 2007-19-, 2007-20, and 2008-02.

Further, the plaintiff has expressed concern about potentially improper contacts between the Governor and the Commissioners.  To support this concern Plaintiff cites to recent allegations aimed at the Governor involving certain communications with a South Carolina Circuit Judge.  In light of the plaintiff's concern, this Court reminds all parties to this litigation that any improper conduct can and will be addressed pursuant to the Federal Rules of Civil Procedure.

## **Conclusion**

After considering the written and oral arguments of all parties, the Court GRANTS the litigants' motions to join Governor Mark Sanford as a defendant to this action pursuant to Federal Rules of Civil Procedure Rule 19.  The Governor will have the full amount of time allotted by the Federal Rules of Civil Procedure to answer the plaintiff's complaint and file any other motions he may deem prudent.  The Court also GRANTS the litigants' consent motion to extend the temporary restraining order for thirty (30) days.  Within thirty (30) days of the entry of this Order, at a time convenient to all parties involved—including Governor Sanford—this Court will hold a hearing to consider the merits of the plaintiff's motion for a preliminary injunction.

IT IS THEREFORE SO ORDERED THAT the Honorable Mark Sanford, Governor of South Carolina, be joined in this suit as a defendant.

IT IS FURTHER ORDERED THAT, with consent of the defendants, this Court's December 27, 2007 temporary restraining order shall remain in full force, as modified by this Court's January 7, 2008 Order, for an additional period of thirty (30) days from the entry of this Order.

IT IS FINALLY ORDERED THAT the clerk schedule a hearing, at a time convenient to all parties, within thirty (30) days of the entry of this Order to rule on the merits of the plaintiff's preliminary injunction.

IT IS SO ORDERED.

[Signature block on next page]

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

January 15, 2008
Anderson, South Carolina